1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ISIAH DANIELS,

11              Petitioner,              No. CIV S-10-3347 KJM DAD P

12        vs.

13   G. SWARTHOUT, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On March 24, 2011, respondent filed the pending motion

18   to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism

19   and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the

20   motion.

21                              **BACKGROUND**

22              On July 28, 2008, prison officials issued a rules violation report charging

23   petitioner with sexual disorderly conduct.  At petitioner's disciplinary hearing, prison officials

24   found him not guilty of that charge but instead found him guilty of visiting rule violations

25   presenting a threat to institutional security.  Petitioner challenged that guilty finding through the

26   /////

1

1   administrative appeals process.  On May 14, 2009, petitioner's final appeal was denied at the

2   director's level of review.  (Pet. Attach.)

3          Applying the mailbox rule,[1] on September 14, 2009, petitioner filed a petition for

4   writ of habeas corpus challenging his disciplinary conviction in the Sacramento County Superior

5   Court.  That court transferred the petition to the Solano County Superior Court, the county where

6   petitioner was then incarcerated.  On October 2, 2009, the Solano County Superior Court filed

7   the petition and notified petitioner that the court received the petition from the Sacramento

8   County Superior Court.  On December 1, 2009, the Solano County Superior Court denied the

9   petition for habeas relief.  Next, petitioner filed a petition for writ of habeas corpus in the

10  California Court of Appeal for the First Appellate District.  On January 7, 2010, the California

11  Court of Appeal denied that petition due to petitioner's failure to use the required form and to

12  include a copy of the lower court's order with his petition.  Petitioner subsequently submitted a

13  second petition to the California Court of Appeal which was denied on February 26, 2010.

14  Finally, petitioner submitted a petition for writ of habeas corpus to the California Supreme Court.

15  On April 28, 2010, the California Supreme Court denied that petition.  (Resp't's Mot. to Dismiss

16  Exs. 3-11.)

17         On December 13, 2010, petitioner commenced this action by filing a federal

18  petition for writ of habeas corpus with this court.

19                   **RESPONDENT'S MOTION TO DISMISS**

20  I.  Respondent's Motion

21         Respondent moves to dismiss the pending federal petition, arguing that it is time-

22  barred.  Specifically, respondent argues that the director's level of review rejected petitioner's

23  administrative appeal on May 14, 2009, at which time petitioner became aware of the factual

24  predicate of his habeas claims.  According to respondent, the statute of limitations for the filing

25

26         [1]  See Houston v. Lack, 487 U.S. 266, 276 (1988).

of a federal habeas petition began running the following day on May 15, 2009, and expired one

year later on May 14, 2010.  According to respondent's calculation, the pending petition is

untimely because 140 days of the statute of limitations ran before petitioner's first petition for

writ of habeas corpus was filed in the Solano County Superior Court on October 2, 2009, and

another 229 days expired after the California Supreme Court denied his petition for state habeas

relief before he filed his federal petition in this court.  Accordingly, respondent maintains that the

pending petition is untimely by four days and must be dismissed with prejudice.  (Resp't's Mot.

to Dismiss at 3-4.)

II.  Petitioner's Opposition

    In opposition to respondent's motion to dismiss, petitioner argues that he is

entitled to statutory tolling for the entire period that he pursued habeas relief in state court.

Petitioner asks the court to allow the pending petition to proceed as timely filed.  (Petn'r's Opp'n

to Resp't's Mot. to Dismiss at 2-3.)

**ANALYSIS**

I.  The AEDPA Statute of Limitations

    On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
>   (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
>   (B) the date on which the impediment to filing an
> application created by State action in violation of the Constitution
> or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been

/////

3

1   newly recognized by the Supreme Court and made retroactively
    applicable to cases on collateral review; or

2

3          (D) the date on which the factual predicate of the claim or
    claims presented could have been discovered through the exercise
    of due diligence.

4

5          (2) The time during which a properly filed application for State
    post-conviction or other collateral review with respect to the
    pertinent judgment or claim is pending shall not be counted toward

6   any period of limitation under this subsection.

7   The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

8   after the statute was enacted and therefore applies to the pending petition.  See <u>Lindh v. Murphy</u>,

9   521 U.S. 320, 322-23 (1997).

10  II.  <u>Application of § 2244(d)(1)(D)</u>

11          The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to

12  all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even

13  if the petition challenges an administrative decision rather than a state court judgment." <u>Shelby</u>

14  <u>v. Bartlett</u>, 391 F.3d 1061, 1062 (9th Cir. 2004).  <u>See also</u> <u>Redd v. McGrath</u>, 343 F.3d 1077,

15  1080-83 (9th Cir. 2003).  When a habeas petitioner challenges an administrative decision,

16  § 2244(d)(1)(D) governs the date on which the limitation period begins to run.  <u>See</u> <u>Shelby</u>, 391

17  F.3d at 1066; <u>Redd</u>, 343 F.3d at 1081-83.  Under § 2244(d)(1)(D), the limitation period begins to

18  run once "the factual predicate of the claim or claims presented could have been discovered

19  through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

20          In this case, the parties do not dispute that petitioner's administrative appeal

21  challenging the disciplinary conviction at issue was denied at the director's level of review on

22  May 14, 2009.  For purposes of federal habeas relief, the one-year statute of limitations period

23  began to run no later than May 15, 2009, the day after the director's level decision, and expired

24  one year later on May 14, 2010.  <u>See</u> <u>Shelby</u>, 391 F.3d at 1066; <u>Redd</u>, 343 F.3d at 1082.

25  Applying the mailbox rule, petitioner did not file his federal habeas petition in this court until

26  /////

4

1    December 13, 2010.  Accordingly, the pending petition is untimely by almost seven months

2    unless petitioner is entitled to the benefit of tolling.

3    III.  Application of § 2244(d)(2)

4            "The time during which a properly filed application for State post-conviction or

5    other collateral review with respect to the pertinent judgment or claim is pending shall not be

6    counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

7    limitations is not tolled during the interval between the date on which a judgment becomes final

8    and the date on which the petitioner files his first state collateral challenge because there is no

9    case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

10   commences state collateral proceedings, a state habeas petition is "pending" during one full

11   round of review in the state courts, including the time between a lower court decision and the

12   filing of a new petition in a higher court, as long as the intervals between the filing of those

13   petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

14           Respondent contends that 140 days of the statute of limitations ran before

15   petitioner's first habeas corpus petition was filed in the Solano County Superior Court.

16   However, respondent has not cited any authority or articulated any argument as to why

17   petitioner's initial petition filed in the Sacramento County Superior Court was not properly filed

18   for purposes of § 2244(d)(2).  Respondent simply assumes petitioner is not entitled to tolling

19   from the time his first state habeas petition was filed under the mailbox rule.  This is not a case

20   where, for example, the state court rejected petitioner's petition as untimely or for failure to

21   include proper verification.  See Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007); Zepeda v.

22   Walker, 581 F.3d 1013 (9th Cir. 2009).  Here, the Sacramento County Superior Court accepted

23   petitioner's petition and transferred it to the Solano County Superior Court as state law and that

24   court's local rules allow.  See Griggs v. Superior Court, 16 Cal. 3d 341, 347 (1976) ("If the

25   challenge is to conditions of the inmate's confinement, then the petition should be transferred to

26   the superior court of the county wherein the inmate is confined if that court is a different court

5

1    from the court wherein the petition was filed."); In re Gandolfo, 36 Cal. 3d 889, 900 (1984)

2    (Given "1966 constitutional amendment making superior court territorial jurisdiction statewide"

3    a "'Griggs transfer' is required when the matter in dispute concerns the orders of another superior

4    court."); In re Lumbert, 113 Cal. App. 3d 310, 311 (1980); Cal. Rules of Ct., Rule 4.552(b).  The

5    Solano County Superior Court then ruled on the merits of that very same petition.

6              If petitioner is entitled to tolling from the time he filed his habeas petition in the

7    Sacramento County Superior Court on September 14, 2009, then only 122 days and not 140 days

8    elapsed under the statute of limitations before he filed his first petition in state court.  Petitioner

9    subsequently pursued his claims up the ladder to the California Court of Appeal and the

10   California Supreme Court, after which an additional 228 days elapsed under the statute of

11   limitations before petitioner filed his federal habeas petition in this court.  Under this calculation,

12   a total of 350 days elapsed under the statute of limitations, rendering the pending federal habeas

13   petition timely.  In light of this alternative calculation, unaddressed by the moving party,

14   respondent cannot be said to have borne his burden of showing that the pending petition was

15   filed outside the applicable limitations period.  See Randle v. Crawford, 604 F.3d 1047, 1052

16   (9th Cir. 2009) (statute of limitations with respect to habeas petitions is an affirmative defense);

17   Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1122-23 (9th Cir

18   2007) (in civil cases the defendant bears the burden of proof on all affirmative defenses,

19   including statute of limitations ).

20                                        **CONCLUSION**

21              Accordingly, IT IS HEREBY RECOMMENDED that:

22              1.  Respondent's motion to dismiss (Doc. No. 13) be denied; and

23              2.  Respondent be directed to file an answer to the pending petition within sixty

24   days.  See Rule 4, Fed. R. Governing § 2254 Cases.  The answer shall be accompanied by all

25   transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed.

26   R. Governing § 2254 Cases.

1     These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3   one days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within seven days after service of the objections.  The parties are

7   advised that failure to file objections within the specified time may waive the right to appeal the

8   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: September 8, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dani3347.157

7