IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

      Petitioner,                       No. CIV S-10-3347 KJM DAD P

    vs.

G. SWARTHOUT, Warden,

      Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 9, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Respondent has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. With respect to respondent's objections based on *Artuz v. Bennett*, 531 U.S. 4 (2000), and *Evans v. Chavis*, 546 U.S. 189 (2006), the court finds the objections rely on improper interpretations of these decisions. *Bennett*

stands for the proposition that if "an application is erroneously accepted by the clerk of a court lacking jurisdiction… it will be pending, but not properly filed." *Bennett*, 531 U.S. at 9. Respondent thus incorrectly argues that Daniels' petition was not pending until it was received by a court of proper jurisdiction. In *Chavis*, the Supreme Court found both a three year and one month delay and a six month delay unreasonable. *Chavis*, 546 U.S. at 200-01 ("Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court.") (quotations, alteration and citation omitted). Thus, respondent also incorrectly relies on *Chavis* for the argument that gaps of 30 to 60 days are excessive.

Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 9, 2011, are adopted in full;

2. Respondent's March 24, 2011 motion to dismiss (Doc. No. 13) is denied; and

3. Respondent is directed to file an answer to the pending petition within sixty days.

DATED: March 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

/dani3347.806hc