IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

               Petitioner,             No. 2:10-cv-3347 KJM DAD P

     vs.

G. SWARTHOUT, Warden,

               Respondent.         <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner challenges his July 15, 2008 prison disciplinary conviction for "visiting violations presenting a threat to institutional security," and the resulting loss of 30 days of time credits.  One of petitioner's claims for relief is that the hearing officer at his prison disciplinary hearing pre-determined his guilt and was therefore biased against him, in violation of his right to a fair and impartial hearing.  Petitioner requests that the court provide him with a new disciplinary hearing that comports with due process requirements.  (Doc. No. 1 at 15.)

/////

---

[1]   Petitioner is serving an indeterminate life term following his 1997 conviction on charges of kidnapping for robbery and assault.  (Doc. No. 1 (Pet.) at 1; Doc. No. 23 (Answer) at 1.

On May 2, 2008, Correctional Officer (C/O) Robinson wrote a prison rules violation report (Log. No. S3-08-05-0368) charging petitioner with "sexual disorderly conduct," in violation of 15 California Code of Regulations (CCR) § 3007.  (Pet. at 17.)  Officer Robinson alleged the following:

> On 05-25-08, at approximately 1301 hours, while monitoring visiting room video surveillance camera number 6, I observed Inmate DANIELS (K-37959, 14-V-2-L), and his female visitor standing adjacent to the grille gate embrace [sic] and kissing at the conclusion of their visit.  I then observed Inmate DANIELS placed [sic] his right hand under her jacket and used it to shield his massaging her left breast.  His right arm was bent at the elbow and was moving in a circular/back and forth motion consistent with massaging of the breast.  I paged Inmate DANIELS via public announcement (PA) and instructed him to report to the staff podium.  When he approached the podium, I informed him of what I had observed and that he would be receiving a CDCR-115 for his conduct.  Inmate DANIELS is aware of policy, rules and regulations governed by CSP-Solano Visiting.  Correctional Sergeant Jimenez (Visiting Sergeant) was notified and informed about the above violation.

(Id.)  The charge against petitioner was classified as a serious Division F offense.  (Id.)

On June 17, 2008, the disciplinary hearing on the RVR commenced.  (Id. at 18.)  Petitioner acknowledged that he had received a copy of the RVR and the surveillance video more than 24 hours in advance of the hearing.  (Id.)  According to the report of the proceedings, petitioner "waived all witnesses" and the hearing officer "requested none."  (Id.)  After it was discovered that the video equipment could not play the video surveillance tape, the disciplinary hearing was postponed to June 21, 2008.  (Id.)  Petitioner reviewed the videotape prior to the hearing.  (Id.)  Petitioner pled not guilty to the charge and gave the following testimony in his defense: "I didn't do it."  (Id. at 19.)

After the hearing concluded, Senior Hearing Officer (SHO) R. Hayward found petitioner not guilty of the charged offense on the grounds that the surveillance video did not reflect that petitioner "had his hands on or that he was massaging his visitor's breast."  (Id.)  However, he found petitioner guilty of "the lesser and included charge" of a violation of 15 CCR

1   § 3315(a)(3)(N): "visiting violations presenting a threat to institutional security," (Id.) SHO

2   Hayward explained:

> In this instance, the offense involved exceeding the boundaries of
> physical contact allowed by institutional regulations and/or
> indecent exposure by the inmate of his visitor. Indecent exposure
> requires evidence of the deliberate exposure of the genitals or other
> private parts of the body under circumstances likely to cause
> affront or alarm. Because unauthorized physical contact is used to
> pass contraband and this offensive conduct was in a public area
> accessible to minors, this misconduct poses an immediate threat to
> institutional security.

8   (Id.) Petitioner's conviction was based on the statements of C/O Robinson in the RVR, and the

9   surveillance video, which "depicts inmate DANIELS inappropriately had his hands underneath

10  his visitors jacket and touching his visitor's waist and stomach areas, which violates the visiting

11  rules." (Id.)

12          Petitioner's first claim for relief contained in the instant federal habeas petition is

13  that he was denied the right to a "fair and impartial hearing" because SHO Hayward wrote and

14  signed an informational chrono three weeks prior to petitioner's disciplinary hearing which stated

15  that petitioner was found guilty of the original charge against him and, as a result, his visiting

16  privileges would be suspended. (Pet. at 5.) Petitioner argues that this chrono demonstrates that

17  his guilt was "predetermined" by the hearing officer. (Id.) He also claims that SHO Hayward's

18  signature on this chrono "had already sealed petitioner's fate as guilty" and that "LT. Hayward

19  was not impartial, but prejudice [sic]." (Id. at 30.) He explains:

> What is clear is that petitioner was informed of his guilt (21)
> twenty-one days before his hearing started. Petitioner hearing was
> held by the same CDC officer, LT. Hayward, who manufactured
> the CDC 128-A informing him of his guilt 21 days before his
> hearing. No reasonably thinking person can consider this a fair and
> impartial hearing as described in our State and Federal
> Constitution.

24  (Id. at 36-37.)

25          Included in several of the exhibits attached to the answer is a document which

26  appears to be an informational chrono dated May 26, 2008. This chrono states as follows:

3

As the result of a <u>GUILTY</u> finding on CDCR-115 Log # S3-08-05-0368, for a violation of CCR § 3007, for the specific act of "SEXUAL DISORDERLY CONDUCT," Inmate DANIEL's (K-37959, 14-V-2-L) <u>VISITING</u> privileges shall be <u>SUSPENDED</u> for THIRTY (30) DAYS during the following dates: <u>05-26-08</u> to <u>06-25-08</u>.

Final Copy to I/M on: <u>07/16/08</u>, at About 2630 hours, by Officer: <u>Ramirez</u>.

(Doc. No. 23-1 at 30.)  This chrono is signed by R. Hayward, the hearing officer at petitioner's subsequent disciplinary hearing.  (<u>Id.</u>)

Petitioner has a constitutional right to have his case considered by an impartial decisionmaker.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566 (1974); <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972).  A criminal defendant who is tried by a partial judge is entitled to have the conviction set aside, regardless of the strength of the evidence against him or her.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 647 (1997).  Although due process requirements for prison disciplinary hearings may be less demanding that those for a criminal prosecution, "they are not so lax as to let stand the decision of a biased hearing officer."  <u>Id.</u>  The standard of impartiality enunciated in <u>Wolff</u> requires that a prison disciplinary hearing officer "not be so insufficiently impartial as to present a 'hazard of arbitrary decisionmaking.'"  <u>Black v. Selsky</u>, 15 F.Supp.2d 311, 317 (W.D.N.Y. 1998).  An impartial decisionmaker, for purposes of a prison disciplinary hearing, "is one who, inter alia, does not prejudge the evidence and who cannot say . . . how he would assess evidence he has not yet seen."  <u>Patterson v. Coughlin</u>, 905 F.2d 564, 570 (2nd Cir. 1990).

Unfortunately, respondent's answer does not specifically address petitioner's claim that the informational chrono described above demonstrates that the hearing officer at petitioner's disciplinary hearing had prejudged his guilt and was therefore impartial.  Indeed, respondent does not even acknowledge the existence of this chrono.  Good cause appearing, respondent will be directed to authenticate and explain the chrono described above, including an explanation of why it was written and the significance of the document to petitioner's first claim for federal habeas relief.

4

1    Accordingly, IT IS ORDERED that, within thirty days from the date of this order,

2 respondent shall file a brief addressing the authenticity of the May 26, 2008 chrono (Doc. No. 23-

3 1 at 30) quoted above and explaining its significance to petitioner's first claim for federal habeas

4 relief.

5 DATED: August 2, 2012.

6

7

8 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

9 DAD:8
daniels3347.o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26