IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

    Petitioner,                      No. 2:10-cv-3347 KJM DAD P

    vs.

G. SWARTHOUT, Warden,

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his July 15, 2008 prison disciplinary conviction for "visiting violations presenting a threat to institutional security," and a resulting loss of 30 days of time credits. One of petitioner's claims for relief is that the hearing officer at his disciplinary hearing pre-determined his guilt and was therefore biased against him, in violation of his right to a fair and impartial hearing. Petitioner requests that the court provide him with a new disciplinary hearing that comports with due process.

        The record before the court contains an informational chrono, dated May 26, 2008, signed by Correctional Lieutenant R. Hayward, the hearing officer at petitioner's July 15, 2008 disciplinary hearing. This chrono provides support for petitioner's claim that Lieutenant Hayward may have predetermined petitioner's guilt. By order dated August 3, 2012, respondent

1

1  was directed to file a brief addressing the authenticity of the May 26, 2008 chrono and explaining
2  its significance to petitioner's claim that he did not receive a fair disciplinary hearing due to the
3  impartiality of Lieutenant Hayward.
4        Respondent filed his responsive brief on August 16, 2012.  Therein, counsel for
5  respondent states that he attempted to contact Lieutenant Hayward, apparently to authenticate the
6  chrono or determine the circumstances surrounding its issuance, but has been unable to do so
7  because Hayward has retired and cannot be located.  (Doc. No. 25 at 2.)  However, counsel for
8  respondent represents to the court that "due to the appearance of impropriety" resulting from the
9  existence of the chrono, respondent has "agreed to issue and rehear the disciplinary rules
10  violation."  (Id.)  Respondent states that documentation of the new hearing will be sent to the
11  court when it is available and requests that the instant habeas petition be dismissed as moot.  (Id.)
12  To date, the court has not been notified that a new prison disciplinary hearing has been scheduled
13  or taken place.
14        On August 27, 2012, petitioner filed a reply to respondent's brief.  Therein,
15  petitioner argues that respondent has failed to comply with the court's order to authenticate the
16  May 26, 2008 chrono and to explain its significance to the due process claim raised in his habeas
17  petition. (Doc. No. 26 at 1.)  Petitioner notes that the existence of the chrono has been ignored or
18  denied by prison authorities throughout his appeals of his disciplinary conviction.  He also states
19  that he has "paid a terrible price for respondents inappropriate behaviors in hearings and their
20  lack of integrity." (Id. at 2.)  Specifically, petitioner explains that he attended a parole suitability
21  hearing in 2009 with evidence of his disciplinary conviction in his prison file, and was found
22  unsuitable for parole for five years.  (Id.)  Petitioner also states that he received a punishment of
23  90 days loss of prison visitation as a result of the guilty finding on his disciplinary charge.  (Id.)
24  Petitioner argues that "a re-issue re-hear is no more tha[n] another guilty finding for some other
25  CDCR fabricated rule violation."  (Id.)  He requests that this court "demand accountability of
26  respondents for their inappropriate behavior and lack of integrity."  (Id. at 3.)

Good cause appearing, respondent will be directed to inform the court within thirty days of the status of petitioner's July 15, 2008 disciplinary conviction and any rehearing thereon. Respondent will also be ordered to file status updates with the court regarding this matter in 30 day intervals.

Accordingly, IT IS ORDERED that:

1. Within thirty days from the date of this order, respondent shall inform the court of the status of petitioner's July 15, 2008 disciplinary conviction and any rehearing thereon; and

2. Respondent shall file a status report every 30 days apprising the court of the status of the rehearing on petitioner's July 15, 2008 disciplinary conviction until that matter is resolved.

DATED: September 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
daniels3347.o(2)